IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-245 |
| JAMES JOHNMAN, JR. | |

### MEMORANDUM OPINION

Petitioner James Johnman Jr. moves *pro se* for a six-month extension to file a motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. For the reasons that follow, his motion shall be denied.

On October 26, 2017, Johnman pled guilty to three counts of a child pornography indictment. The executed plea agreement provided, in relevant part, that Johnman "voluntarily and expressly waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. §1291, 28 U.S.C. § 2255, or any other provision of law." The agreement also contained express exceptions to this waiver which permitted Johnman to collaterally attack his conviction or sentence if his sentence exceeded a statutory maximum, if the Court imposed an upward departure or variance from the Sentencing Guidelines, or if an attorney who represented him during the course of his criminal case provided constitutionally ineffective assistance of counsel.

On May 8, 2017, the Court sentenced Johnman to 368 months of incarceration, a lifetime of supervised release and certain monetary assessments, which included a $15,000 special assessment under the Justice for Victims of Trafficking Act ("JVTA"). This sentence was within the advisory guideline range. Johnman timely appealed the $15,000 special assessment fee

under the JVTA, arguing that it exceeded the statutory maximum created by Congress. In February 2020, the Third Circuit held that Johnman's sentence did not exceed the statutory maximum because the JVTA permitted the court to impose a $5,000 special assessment for each count of conviction, and Johnman was convicted on three qualifying counts. *See United States v. Johnman*, 948 F.3d 612, 620-21 (3d Cir. 2020). The Third Circuit accordingly affirmed the sentence imposed by this Court. *Id.* Johnman moved thereafter for a writ of certiorari to the Supreme Court, which denied his petition on January 11, 2021. *Johnman v. United States*, 141 S. Ct. 1047 (U.S. Jan. 11, 2021.)

Following the Third Circuit's decision, on December 30, 2021, Johnman moved *pro se* for a 6-month extension of time to file a Section 2255 petition to vacate, set aside or correct his sentence. His motion is premised on his assertion that he has been "in transit for some time" while he was moved to a federal prison in Lewisburg, Pennsylania. During this time of transit, Johnman says he did not have access to "any legal work of [his] prior any legal access as in a law library at prior institutions." He asserts that he is now be able to prepare his motion.

Three questions are raised by Johnman's motion: (1) whether he can collaterally attack his sentence in light of his plea agreement; (2) whether his motion for an extension is timely, *i.e.*, whether the deadline has already passed; and, (3) whether his motion is meritorious. The issues are addressed *seriatim*.

To begin, it is clear from the record and the Third Circuit's decision that each element of Johnman's sentence was within the range recommended by the Sentencing Guidelines. However, the plea agreement still permits him to assert through a § 2255 petition that the counsel he was provided was constitutionally ineffective. *See, e.g.*, *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) ("A § 2255 motion is a proper and indeed the preferred

vehicle for a federal prisoner to allege ineffective assistance of counsel."). Consequently, Johnson's guilty plea does not necessarily bar him from collaterally attacking his conviction on this ground.

Turning to the issue of whether his extension is timely, Section 2255 requires that a motion must be brought within one-year after the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction is final within the meaning of this provision only when "the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Applied here, Johnman's conviction became final on January 1, 2021, and his deadline to file his collateral attack ran to January 11, 2022. Therefore, his motion for an extension (which was filed on December 30, 2021) was timely in that it was filed before that deadline had run.

Johnman's application for an extension must, nevertheless, be denied. The Third Circuit is one of few courts to hold that district courts have jurisdiction to consider a defendant's application for an extension to file a petition pursuant to 28 U.S.C. § 2255. *See United States v. Thomas*, 713 F.3d 165, 173-74 (3d Cir. 2013). The Third Circuit explained that while there are no "bright-line rules for determining when extra time should be permitted in a particular case[,]" courts are to grant extension requests "sparingly" and do so "only when the principles of equity would make the rigid application of a limitation period unfair." *Id.* at 174-75. It further clarified that equity permits an extension of the one-year deadline only where the defendant shows that: "(1) he has been pursuing his rights diligently, and (2) [] some extraordinary circumstance stood in his way and prevented his timely filing." *Id.* (internal citations and quotations omitted).

The *Thomas* decision is especially instructive because the Third Circuit considered facts analogous to those here and held that they did not provide grounds for equitable relief. *Id.* The

defendant in *Thomas* requested an extension because he was transferred to state custody during the 1-year limitations period, and thus could not adequately prepare his Section 2255 motion. *Id.* The Court explained that his transfer to a different facility did not justify an extension because: (1) the defendant had been in federal custody with access to legal materials for approximately nine months, including seven weeks leading up to the expiration of his limitations period; (2) he failed to show that he was diligent; and, (3) he failed to explain the necessity of the materials he claims he was deprived of. At most, the defendant in *Thomas* had shown that the circumstances had made it harder for him to file a petition for collateral relief, but "increased difficulty does not, but itself, satisfy the required showing of extraordinary circumstances." *Id.* at 175.

Like the defendant in *Thomas*, Johnman has at most shown that his transfer to a new federal prison made it harder for him to file his Section 2255 motion. This is insufficient to carry his burden, and he has thus failed to show that the principles of equity demand he be afforded relief. Accordingly, his motion for an extension shall be denied.

                                                        **BY THE COURT:**

                                                */s/ Wendy Beetlestone*
                                                **WENDY BEETLESTONE, J.**